Wood, C. J.
Whether the declaration, as originally filed in this case, was sufficient to maintain this action, is now of no moment. The new assignment in the replication, places it before the Court, as to the whole cause of action, in trespass *252 quare clausum fregit. In such case, the gist-of the action is the breach of the close', and other wrongs laid are merely in aggravation of the damages.
The other assignments, all of them, may be considered as presenting, substantially, the same question, whether there was a breach of the close of the defendant in error..? Whether the locus in quo was merely the right of the defendant in error • to an easement in E. Wilson’s land, or a freehold, it would not aid us, in this-case,.to inquire; but had he, in plain English, a right of possession, as against the owner in ■ fee, or a wrong doer ? This is necessary, or the .action fails.. It is argued, that ' the license being by parol, and no note or memorandum in > writing, it is void and does not authorize an entry under it. If this be so, it follows, that the defendant in error was. himself a trespasser, in .the entry and erection which he made on the land ■ of the plaintiff in error, E. Wilson; was liable to'an action, and, if sued, his license could not have been pleaded in bar. 'On this subject, the decisions of the judicial tribunals.of our-sister States differ ; 6 Hill’s Rep. 61; 4 Watts’ Rep. 317 ; 4 Serg. & Rawle Rep. 241; 10 Johns. Rep. 426. But in Ohio, we think it. can, at this day, be hardly considered as an open question. Part performance of parol contracts, especially when the non-execution would operate as a fraud'on the rights of the vendor, have repeatedly been enforced in equity, and a parol license executed has been held to be irrevocable, in numerous instances upon the circuit, at law. A license to ditch and flow water through a race, to. dam a stream and set back water on the plaintiff’s land, are instances within my own knowledge, where a license executed was held to be irrevocable, and a bar both-in trespass and in case. . In the case at bar, the license was executed and' consideration paid, and as the defendant in error had the right to make the abutment, it follows, as incident to that right, that he acquired the lawful possession of the locus in quo for that purpose, and the right of egress and regress to keep it in repair and control it, so long as it remains for the purpose, at least, for which -it was constructed. This *253 right of possession is"exclusive, and may be maintained against the owner of the freehold, at law, and trespass .against him for any wrongful invasion of such possession, in our opinion, lies. The Court were, therefore, right in overruling the demurrer to the replication, and in sustaining the demurrer to the rejoinder,, and, also, in the charge given, and refused to be given to the j™7-
. Judgment Affirmed.
Birchard, J., doubte.d whether the parol license.was not void, under the provisions of the act for 'the prevention of frauds and perjuries.